IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02989-BNB

NATHANIEL HAMPTON,

    Plaintiff,

v.

STATE OF COLORADO,
JUDGE BARNEY IUPPA, and
LIRA SIMS, Probation Officer,

    Defendants.

ORDER TO DISMISS IN PART AND TO ASSIGN IN PART
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

    Plaintiff, Nathaniel Hampton, is a prisoner in the custody of the Colorado Department of Corrections. He currently is incarcerated at the correctional center in Delta, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343, and 42 U.S.C. § 1983, alleging that his rights under the United States Constitution have been violated. On December 2, 2012, Plaintiff filed an Amended Prisoner Complaint.

    The Court construes the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and assigned in part to a district judge and to a magistrate judge.

    Plaintiff asserts that he was denied access to the courts while he was participating in the Stout Street treatment program. Plaintiff specifically states that

Defendant Lira Sims, his probation officer, would not allow him to file a Colo. R. Crim. P. 35(c) postconviction motion to challenge the terms of his sentence and a 42 U.S.C. § 1983 action to challenge the arresting officers' unconstitutional acts. Plaintiff seeks money damages and injunctive relief.

The State of Colorado and Judge Barney Iuppa will be dismissed for the following reasons.

Any claim against the State of Colorado is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Defendant State of Colorado, therefore, is an improper party to this action and will be dismissed.

Defendant Judge Barney Iuppa is absolutely immune from liability in civil rights suits when he acts in his judicial capacity unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Iuppa was acting in his judicial capacity when he sentenced Plaintiff and was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Iuppa are barred by absolute judicial immunity.

The denial of access claim asserted Defendant Lira Sims will be assigned to a district judge and a magistrate judge as set forth below. Accordingly, it is

ORDERED that Defendants State of Colorado and Judge Barney Iuppa are dismissed as improper parties to this action. It is

FURTHER ORDERED that the Complaint as asserted against Defendant Lira Sims shall be assigned to District Judge Phillip A. Brimmer, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Craig B. Shaffer. It is

FURTHER ORDERED that pursuant to the Amended Prisoner Complaint filed on December 2, 2012, the Motion to Withdraw, ECF No. 5, filed by Jeff Spicola, is denied as moot.

DATED at Denver, Colorado, this  29th  day of     January     , 2013.

BY THE COURT:

  s/Lewis T. Babcock
  LEWIS T. BABCOCK, Senior Judge
  United States District Court