IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02989-PAB-CBS

NATHANIEL HAMPTON,

      Plaintiff,

v.

LIRA SIMS,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation and Order of United States Magistrate Judge [Docket No. 44] (the "Recommendation") filed on November 6, 2013.  The magistrate judge recommends that the Court grant the Motion to Dismiss [Docket No. 22] filed by defendant Lira Sims, as well as deny Plaintiff's Rule 60 Motion for Relief from Order [Docket No. 12].  The magistrate judge also denied as moot the Motion for Trial by the Court on Plaintiff's Request for Declaratory Judgment [Docket No. 42] filed by plaintiff.  On November 25, 2013, plaintiff filed timely objections [Docket No. 46] to the Recommendation.  Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).  Because the Recommendation contains a detailed statement of the

case, the Court will only discuss the facts relevant to the resolution of plaintiff's

objections.  *See* Docket No. 44.

## I.  MOTION TO DISMISS

### A.  Denial of Access to Court

The Recommendation found that plaintiff failed to sufficiently allege a claim for

denial of access to courts.  Docket No. 44 at 8.  Specifically, the Recommendation

concluded that plaintiff failed to allege that Ms. Sims' actions hindered his ability to

pursue specific legal claims and, to the extent plaintiff alleges that Ms. Sims was

required to modify plaintiff's probation, Colorado law provides probation officers with no

authority to modify probation conditions.  *Id.* at 7-8.

It is "established beyond doubt that prisoners have a constitutional right of

access to the courts," which extends to prisoners asserting civil rights claims under 42

U.S.C. § 1983.  *Bounds v. Smith*, 430 U.S. 817, 821, 827 (1977).  The right of access is

jointly protected by the petition clause of the First Amendment, *City of New York v.

Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008); the Sixth Amendment, *Arney v.

Simmons*, 26 F. Supp. 2d 1288 (D. Kan. 1998); and the privileges and immunities and

due process clauses of the Fourteenth Amendment.  *Smith v. Maschner*, 899 F.2d 940,

947 (10th Cir. 1990).  This right "is violated where government officials obstruct

legitimate efforts to seek judicial redress."  *Beretta*, 524 F.3d at 397 (citing *Whalen v.

Cnty. of Fulton*, 126 F.3d 400, 406-07 (2d Cir. 1997) (internal citations omitted)).

However, § 1983 liability may "only be imposed upon those defendants whose own

individual actions cause a constitutional deprivation . . . ."  *Dodds v. Richardson*, 614

2

F.3d 1185, 1200 (10th Cir. 2010); *see also Colvin v. Schaublin*, 113 F. App'x 655, 658 (6th Cir. 2004) (unpublished) (holding that defendants were not liable where their actions did not cause denial of access to law library).

To raise a denial of access to court claim, plaintiff "must show that [defendant's actions] resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his efforts to pursue a [nonfrivolous] legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)).   Conclusory allegations of injury will not suffice. *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999); *cf. Simkins*, 406 F.3d at 1243-44 (recognizing a sufficient showing of actual injury where prisoner demonstrated specific impact on prosecution of particular case).

As a condition of his probation, plaintiff was required to complete a drug and alcohol rehabilitation program and reside at the Stout Street Foundation. Docket No. 41 at 9. It is undisputed that the Stout Street facility does not allow residents to initiate legal proceedings. Docket No. 29 at 2, § 2.[1] Plaintiff alleges that, shortly after being assigned to the Stout Street facility, he received a copy of a police report relating to his arrest and was made aware that his attorney may have been ineffective during criminal proceedings. Docket No. 41 at 9. At that point, plaintiff alleges that he decided to file motions challenging his sentence and conviction pursuant to Colorado Rule of Criminal Procedure 35 and to file an action under 42 U.S.C. § 1983 challenging the arresting officers' actions. *Id.* Plaintiff claims that Stout Street's restrictions on legal

---

[1]According to the Stout Street facility's promotional material attached to plaintiff's original complaint, residents must dispose of all judicial actions in order to qualify for the program. Docket No. 1 at 23.

communications made it futile for him to access the state court system. *Id.* at 10.

Plaintiff alleges that he asked Ms. Sims to temporarily remove him from the program so

that he could pursue his legal claims. *Id.* Plaintiff argues that Ms. Sims refused his

request and failed to relay to the sentencing court his request to be placed in a position

to file legal correspondence. *Id.* at 12.

Even assuming that Stout Street's restrictions on legal correspondence resulted

in actual injury to plaintiff's efforts to pursue nonfrivolous legal claims, plaintiff has

entirely failed to allege that Ms. Sims personally had any role in creating or enforcing

those restrictions. *See Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006)

(unpublished) ("assuming [plaintiff] has shown an actual injury, he has not shown that

this injury resulted from the defendant's actions"). Thus, to the extent plaintiff's claimed

injury resulted from the Stout Street facility's restrictions on legal correspondence,

plaintiff's claim against Ms. Sims fails.

Plaintiff's access to court claim also fails to the extent it is based on Ms. Sims'

alleged refusal to modify the conditions of plaintiff's probation in order to permit him to

leave the Stout Street facility. Even if plaintiff's probation conditions requiring him to

remain at the Stout Street facility constituted an actionable denial of access to the

courts, plaintiff cites no authority granting Ms. Sims the ability to unilaterally modify the

terms of his probation. To the contrary, pursuant to Colo Rev. Stat. §§ 18-1.3-203, 18-

1.3-204, the discretion to set or modify the conditions of a plaintiff's probation lies with

the sentencing court. *See also People v. Guatney*, 214 P.3d 1049, 1052 (Colo. 2009)

(granting and revoking probation "is entirely discretionary with the sentencing court").

Because Ms. Sims had no authority to unilaterally modify plaintiff's probation conditions,

4

she had no ability to cause plaintiff's claimed constitutional injury. *See Dodd*, 614 F.3d at 1199. Thus, to the extent plaintiff's claim is based on Ms. Sims' failure to modify the conditions of his probation, plaintiff's claim against Ms. Sims fails. *See David v. City & Cnty. of Denver*, 101 F.3d 1344, 1353 (10th Cir. 1996) (holding that defendant is liable in § 1983 action only if he "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'" (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988))).

Plaintiff further argues that he was denied access to the courts when Ms. Sims allegedly failed to communicate to the sentencing court his request to be temporarily excused from the Stout Street facility. Docket No. 46 at 3, 8; *see* Docket No. 41 at 12. Plaintiff argues that Colo. Rev. Stat. 16-11-209(1) required Ms. Sims to report plaintiff's request to the sentencing court. Docket No. 46 at 5. Colo. Rev. Stat. 16-11-209(1) provides:

> It is the duty of a probation officer to investigate and report upon any case referred to him or her by the court for investigation. The probation officer shall furnish to each person released on probation under his or her supervision a written statement of the conditions of probation and shall instruct the person regarding the same. The officer shall keep informed concerning the conduct and condition of each person on probation under his or her supervision and shall report thereon to the court at such times as it directs. Such officers shall use all suitable methods, not inconsistent with the conditions imposed by the court, to aid persons on probation and to bring about improvement in their conduct and condition. Each officer shall keep records of his or her work; shall make such reports to the court as are required; and shall perform such other duties as the court may direct.

Contrary to plaintiff's argument, nothing in § 16-11-209(1) requires Ms. Sims to report plaintiff's request to the court or assist plaintiff in filing legal correspondence. Although state officials are prohibited from interfering with

attempts to prepare or file legal documents, plaintiff has failed to allege Ms. Sims' failure to report his request caused any such interference.  *See Lewis*, 518 U.S. at 350.  Plaintiff does not claim that Ms. Sims personally prohibited him from sending legal correspondence.  Rather, as noted above, plaintiff's claimed injury resulted from circumstances outside of Ms. Sims' authority, specifically the Stout Street facility's restrictions prohibiting plaintiff from sending legal correspondence and the terms of plaintiff's probation requiring him to remain at that facility.  *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) ("Causation is an essential element of a section 1983 cause of action.").  Therefore, even assuming Ms. Sims communicated his request to the sentencing court, plaintiff provides no basis on which to conclude that he would then have been permitted to pursue specific legal claims.  *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (holding that plaintiff failed to sufficiently allege actual injury when defendants failed to act on plaintiff's requests to obtain legal materials).  Thus, the Court finds that plaintiff has failed to allege that Ms. Sims' failure to communicate plaintiff's request to the sentencing court caused an actual injury to plaintiff's ability to pursue nonfrivolous legal claims.  *See Dodds*, 614 F.3d at 1199.

Although the Court's reasoning differs from the Recommendation, the Court reaches the same conclusion that plaintiff's claim for denial of access to courts fails to state a claim on which relief can be granted.

**B.  Retaliation**

The Recommendation found that plaintiff failed to state a claim for retaliation.
Docket No. 44 at 10.  Specifically, the Recommendation concluded that plaintiff failed to
allege sufficient facts to show that plaintiff's pursuit of legal claims was the "but for"
cause of Ms. Sims' actions in filing a warrant and testifying that plaintiff's probation
should be revoked.  *Id.* at 9.

Plaintiff objects generally to the Recommendation and claims that the only
reason Ms. Sims reported his probation violation is because she knew that he filed an
action to challenge Ms. Sims' supervision.  Docket No. 46 at 10.  Plaintiff relies on
circumstantial allegations to show "but for" cause, including his allegations that Ms.
Sims refused to temporarily remove him from the Stout Street facility and refused to
report his request to the Court.  *Id.* at 9.

"An inmate claiming retaliation must 'allege *specific facts* showing retaliation
because of the exercise of the prisoner's constitutional rights."  *Peterson v. Shanks*,
149 F.3d 1140, 1144 (10th Cir. 1998) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1
(10th Cir. 1990).  A plaintiff must be able to show that "but for" the retaliatory motive,
the disciplinary action would not have occurred.  *Id.*  As the Recommendation noted,
"an inmate is not inoculated from the normal conditions of [confinement] merely
because he has engaged in a protected activity.  *Id.* (citing *Turner v. Safley*, 482 U.S.
78, 84 (1987).

The sentencing court ordered plaintiff, as a condition of his probation, to
complete a drug and alcohol rehabilitation program at the Stout Street Foundation.

Docket No. 41 at 9.  Plaintiff does not dispute that the court did not modify the condition or give him permission to leave the Stout Street facility.  Thus, by leaving the Stout Street facility, plaintiff was in violation of his probation.

Ms. Sims is required by Colorado statute to monitor cases referred to her.  *See* Colo. Rev. Stat. § 16-11-209.  Ms. Sims had a duty to report plaintiff's probation violation.  Thus, plaintiff has not alleged sufficient facts to show that retaliation was the "but for" cause of Ms. Sims' report of plaintiff's probation violation.  To the extent plaintiff claims that Ms. Sims' ultimate recommendation that he be returned to prison was retaliatory, Ms. Sims is equally as likely to have made that recommendation based on plaintiff's unauthorized departure from the Stout Street facility.  Moreover, Ms. Sims is immune to the extent she assists the court in sentencing recommendations.  *See Tripati v. U.S. Immigration & Naturalization Serv.*, 784 F.2d 345, 348 (10th Cir. 1986) (holding that probation officers are an arm of the court, immune from suit for claims arising from preparation of sentencing reports).  The Court finds no error with this aspect of the Recommendation.

### C.  Qualified Immunity

The Recommendation found that Ms. Sims was entitled to the defense of qualified immunity.  Docket No. 44 at 11.  Plaintiff objects generally.  Docket No. 46 at 12-13.  Given that plaintiff does not allege sufficient facts to raise claims that Ms. Sims violated his constitutional rights, it is unnecessary for the Court to determine whether Ms. Sims is entitled to qualified immunity.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n.15 (10th Cir. 2003) (upholding district court's ruling and finding that there was no

8

need to reach the issue of qualified immunity because the defendants were objectively

reasonable); *Schnebelen v. Porter*, 434 F. App'x 765, 766 (10th Cir. 2011) (same).

## II. RULE 60 MOTION FOR RELIEF FROM ORDER

The Recommendation concluded that plaintiff's Rule 60 Motion for Relief From

Order [Docket No. 12] should be denied.  Docket No. 44 at 11-12.  Specifically, the

Recommendation found that plaintiff had failed to articulate any basis for relief from a

January 29, 2013 order [Docket No. 10] issued by Senior District Judge Lewis T.

Babcock.  Docket No. 44 at 11-12.[2]  The Recommendation further concluded that

former defendant Barney Iuppa, a state judge, remained absolutely immune from suit

and that plaintiff had been permitted to amend his complaint to seek the injunctive relief

he requested.  *Id.* at 12.  Plaintiff argues that the Recommendation erred because

plaintiff sought to bring an action against Judge Iuppa in his official capacity, rather than

Judge Iuppa's judicial capacity.  Docket No. 46 at 11-12.  Plaintiff argues that an official

capacity suit is not subject to judicial immunity.  *Id.*  Plaintiff provides no authority to

support his argument and the Court is aware of no authority drawing such a distinction.

Moreover, the Eleventh Amendment bars the Court from exercising subject matter

jurisdiction over claims for retroactive money damages against defendants in their

official capacities.  *See Henderson v. Jones*, 378 F. App'x 808, 809 (10th Cir. 2010);

*see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).

Thus, the Court finds no basis upon which to grant plaintiff's requested relief.  The

---

[2]Judge Babcock found that "Judge Barney Iuppa is absolutely immune from
liability in civil rights suits when he acts in his judicial capacity."  Docket No. 10 at 3
(citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Court finds no error with this aspect of the Recommendation.

Plaintiff also argues that he should be permitted to bring claims against Ms. Sims in her official capacity. Docket No. 46 at 13. Plaintiff raises this argument for the first time in his objection to the Recommendation. The Court need not reach the substance of plaintiff's argument. Whether plaintiff's claims are brought against Ms. Sims in her official or individual capacity is irrelevant because plaintiff has failed to sufficiently allege that Ms. Sims' actions resulted in a violation of plaintiff's constitutional rights. Thus, the Court finds no basis upon which to grant plaintiff's requested relief.

## III. MOTION FOR TRIAL BY THE COURT

The Recommendation denied as moot plaintiff's Motion for Trial by the Court on Plaintiff's Request for Declaratory Judgment [Docket No. 42]. Docket No. 44 at 12. Plaintiff does not object to this portion of the Recommendation. *See generally* Docket No. 46. With respect to portions of the Recommendation not properly objected to, the Court may review the Recommendation under any standard it deems appropriate. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). The Court is satisfied that there is "no clear error on the face of the record" in this aspect of the Recommendation. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## IV. CONCLUSION

The Court concurs with the Recommendation's conclusion that plaintiff has failed to state a claim on which relief can be granted. For the foregoing reasons, it is

**ORDERED** that the Recommendation and Order of United States Magistrate

Judge [Docket No. 44] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 22] is **GRANTED**.  It

is further

**ORDERED** that Plaintiff's Rule 60 Motion for Relief from Order [Docket No. 12] is

**DENIED**.  It is further

**ORDERED** that this case shall be **DISMISSED** and closed in its entirety.


DATED February 26, 2014.

BY THE COURT:


 s/Philip A. Brimmer                                  
PHILIP A. BRIMMER
United States District Judge